OPINION
On May 25, 2000, appellant Mark Gamble, a.k.a. Mook entered a plea of guilty to two counts of trafficking in crack cocaine, in violation of R.C. 2925.03. He was sentenced to three years of community control, with a potential prison term of two years in the event he violated his community control sanctions. On February 14, 2001, a complaint was filed indicating that appellant had violated the terms of his probation. On March 19, 2001, the court found that appellant had violated the terms of his probation. He was sentenced to eight months incarceration on each count, with the sentences to be served concurrently.
Appellant filed a motion for judicial release pursuant to R.C. 2929.20. On June 19, 2001, the court granted the motion, reducing his prison term to a three-year period of community control. In addition to the standard community control conditions, the court ordered that appellant successfully complete the Crossroads Half-Way House program.
On September 14, 2001, appellant was again charged with a probation violation. The complaint alleged that he was terminated from the Crossroads Center for Change on September 12, 2001, for his failure to adjust to treatment programming, and unwillingness to follow the guidelines of the agency.
At the hearing on the probation violation, appellant conceded that he was terminated from the Crossroads program. However, appellant argued that he was only required to participate and/or successfully complete the program, and not to complete the program. Therefore, he argued that based on the wording on his probation conditions, he was not required to successfully complete the program, and he did in fact participate until he was terminated from the program.
The court rejected appellant's argument. He was again sentenced to eight months incarceration on each count, to be served concurrently. Appellant assigns a single error on appeal:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN REVOKING APPELLANT'S PROBATION BASED UPON THE EVIDENCE PRESENTED TO IT, AND THE WORDING OF THE CONDITION OF PROBATION APPELLANT WAS SAID TO HAVE VIOLATED.
The court did not err in revoking appellant's probation for failing to successfully complete the Crossroads program. Although the complaint filed by his probation officer states that he failed to participate and/or successfully complete the Crossroads program, the June 19, 2001 judicial release order of court specifically requires that appellant successfully complete the program. The court's entry does not include the language concerning participation. As the court ordered appellant to successfully complete the program as a condition of his probation, and the evidence is undisputed that he did not successfully complete the program, the court did not err in revoking his probation.
The assignment of error is overruled.
The judgment of the Richland County Common Pleas Court is affirmed.
By GWIN, P.J., WISE, J., and EDWARDS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Richland County Common Pleas Court is affirmed. Costs to appellant.